# IN THE COURT OF APPEALS OF IOWA

No. 22-0371
Filed January 25, 2023

IN RE THE MARRIAGE OF HEIDI JOANN KIRSCH
AND WILLIAM JOHN KIRSCH

Upon the Petition of
HEIDI JOANN KIRSCH,
       Petitioner-Appellee,

And Concerning
WILLIAM JOHN KIRSCH,
       Respondent-Appellant.

_____

       Appeal from the Iowa District Court for Linn County, Sean McPartland,

Judge.


       An ex-husband appeals a modified decree eliminating his award of spousal

support.  **AFFIRMED AS MODIFIED.**


       Brian D. Johnson of Jacobsen, Johnson & Wiezorek, P.L.C., Cedar Rapids,

for appellant.

       Rachel R. McCrate of Gray, Stefani & Mitvalsky, P.L.C., Cedar Rapids, for

appellee.


       Considered by Bower, C.J., Tabor, J., and Danilson, S.J.*

       *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**TABOR, Judge.**

William and Heidi Kirsch divorced in 2019. The decree awarded William $1250 in monthly spousal support. When her declining health caused her income to plummet, Heidi moved to modify the decree to end that obligation. Finding her evidence credible, the district court modified the decree to eliminate the spousal-support award. William challenges that modification. Because Heidi showed a substantial change in circumstances, we agree modification was proper. But eliminating the support obligation went too far. We modify the decree to reduce Heidi's obligation to $450 per month. We also decline both parties' request for appellate attorney fees.

## I.    Facts and Prior Proceedings

Heidi and William married in 1996. They had four children; the youngest was still in high school and living with Heidi at the time of this modification action.

In their 2019 divorce decree, the district court ordered William to pay child support of $250 per month, a downward deviation from the guideline amount.[1] The court also directed Heidi to pay William traditional spousal support of $1250 per month until either party's death, his remarriage, or Heidi's retirement at or after age sixty-seven. Several considerations supported that award. Heidi was forty-five years old, had a bachelor's degree, was trained as a nurse, and earned over $93,000 annually as a project manager at UnityPoint Health. By contrast, William was sixty years old, had a high school education, and worked part-time as a Wal-

---

[1] Under the Iowa Child Support Guidelines, based on the parents' incomes at the time of the decree, William's obligation would have been $319 per month or $507 per month if spousal support was added into his income.

Mart greeter earning $15,000 per year. Both parties had health concerns. Heidi had several degenerative and chronic conditions. William was diagnosed with relapsing remitting multiple sclerosis (MS). In dividing the marital estate, the court found William's investment account was inherited property and awarded it all to him.

Heidi appealed the spousal-support and property-distribution provisions. Our court modified the decree to increase Heidi's share of the investment account but affirmed the spousal-support award. *In re Marriage of Kirsch*, No. 19-0590, 2019 WL 6358446, at *2–3 (Iowa Ct. App. Nov. 27, 2019).

Ten months later, Heidi petitioned to modify the child- and spousal-support awards. Her petition alleged that she had experienced "a significant change in employment status," had been hospitalized five times in the past two years for her major depressive disorder, and faced high out-of-pocket medical expenses. At the modification hearing, Heidi testified that she accepted a less demanding position at UnityPoint, taking a big pay cut. Part of the reason for the job change was her worsening psychological condition.[2] As an exhibit, she offered her neuropsychological evaluation revealing "a weakness in executive functioning with slowed mental processing and challenges in concentration and efficiency."

After the hearing, the court found Heidi's income had fallen from $95,000 to $67,000 per year and the reduction in her earning capacity was "more or less permanent." Meanwhile, William's income had risen from "roughly $15,000 at the time of the decree to roughly $37,000 at the time of the modification trial." The

---

[2] Heidi also explained that UnityPoint eliminated her original project-manager position because of pandemic-related budget cuts.

court recognized that William's earning capacity had not improved, but it observed that he "generally enjoys a more favorable financial position" than Heidi does because of his investment income. Based on those findings, the court ended Heidi's spousal-support obligation as of May 2022. But the court declined to increase William's child-support obligation.

William appeals the elimination of his spousal-support award.

## II.      Scope and Standard of Review

Modification actions are tried in equity, so our review is de novo. *In re Marriage of Roberts*, 954 N.W.2d 757, 760 (Iowa Ct. App. 2020). In reviewing spousal support, we give the district court considerable latitude, and we disturb the award only if the court fails to achieve equity. *In re Marriage of Pazhoor*, 971 N.W.2d 530, 537 (Iowa 2022). We give weight to the district court's factual determinations, especially on credibility calls, but those findings do not bind us. *Roberts*, 954 N.W.2d at 760.

## III.      Analysis

William claims the district court was wrong to eliminate Heidi's obligation to pay spousal support. To decide his claim, we start with Iowa Code section 598.21C (2020), which allows the district court to modify spousal support when the petitioning party can show a "substantial change in circumstances" arising from a shift in the parties' financial circumstances. *See In re Marriage of Michael*, 839 N.W.2d 630, 635–36 (Iowa 2013). To justify modification, the change "must be permanent or continuous rather than temporary." *Id.* at 636. And it "must not have been within the contemplation of the district court when the decree was entered." *Id.* Among the factors relevant here are changes in Heidi's employment,

income, and earning capacity, as well as the deterioration of her health and related medical expenses. *See* Iowa Code § 598.21C(1)(a), (c), (e).

The district court decided that Heidi showed a substantial change in circumstances not contemplated when the court ordered her to pay spousal support. The court recognized Heidi had experienced some mental-health issues before 2019, as noted in the decree. But it credited Heidi's evidence at the modification hearing that her condition had taken a dramatic turn for the worse. The court also highlighted the testimony from clinical therapist Jessica Blake, who found Heidi suffered a "significant cognitive decline" over the last year. Because of her patient's declining health, Blake helped Heidi fill out applications to secure accommodations under the Family Medical Leave Act and the Americans with Disabilities Act. The court identified Heidi's declining health, reduction in earning capacity, and mounting medical expenses as changed circumstances justifying modification of the spousal-support award.

From our de novo review of the modification record, guided by the district court's credibility finding, we agree that Heidi met her burden to show a substantial change in circumstances not contemplated at the time of the decree. Indeed, William expends little effort disputing that substantial change. Instead, he focuses on his own medical condition and his ongoing need for financial support. William contends the district court exaggerated his available resources, insisting his investment income "varied wildly." It's true that if we compare Heidi's annual earnings of $67,000 to his "gross income from all sources" of $37,000 per year, according to William, a disparity endures. He insists "wholly eliminating spousal support" was unjustified and ventures that $775 per month would be a good

compromise. William derives that figure from *Michael*, 839 N.W.2d at 638 n.7, which approved a spousal support amount that was "approximately thirty-one percent of the difference between the parties' annual employment earnings."

Heidi debunks the idea of using a fixed mathematical formula to calculate spousal support, citing *In re Marriage of Mauer,* 874 N.W.2d 103, 107 (Iowa 2016). And she notes that her obligation in the decree "was approximately 20 percent of the difference between incomes, rather than the 31 percent used in *Michael.*"

In deciding whether traditional spousal support should continue, we must weigh not only Heidi's decreased earning capacity but also William's ability to be self-supporting. In short, "our equitable analysis must also account for changes in the relative positions of the parties." *Michael*, 839 N.W.2d at 638. As the district court recognized, "the medical conditions of each of the parties has deteriorated some since the entry of the decree." The decree noted William's MS diagnosis manifested through "fatigue, right foot drop, difficulties in memory, and decreased processing speed and other executive functions." And his future functional ability depended on how aggressively the disease progressed. Although his condition was stable at the time of the modification hearing, his most recent neuropsychological evaluation predicted that his ability to perform work-related tasks would decrease.

Flashback to the original appeal, we held that the factors in Iowa Code section 598.21A(1) merited an award of traditional spousal support. *See Kirsch*, 2019 WL 6358446, at *3. We noted that Heidi was younger than William and had "a much higher educational level and earning capacity," though both had "serious, on-going health issues." *Id.* True, their incomes are not as disparate as when the

decree issued. But at the time of the modification hearing, Heidi still earned nearly twice as much per year as William, even when we factor in his investment income. And she testified at the modification hearing that $67,000 is what she anticipated as income going forward. She clarified that her cognitive decline hindered her performance in her former job, but her current job was more "straightforward" with "less decision-making involved." In other words, she expected her earning capacity to remain stable.

When we balance their relative financial positions, we believe a reduction in spousal support, rather than elimination, would do equity between Heidi and William. By following the multifactor framework in section 598.21A, as we did in the original appeal, we find that William is entitled to traditional spousal support. *See Mauer*, 874 N.W.2d at 111. Our calculation of the proper amount considers Heidi's medical expenses. Based on their ages, health conditions, and current earning capacities, we find Heidi should pay William $450 per month until either party's death, William's remarriage, or Heidi's retirement at or after age sixty-seven.

One final issue. Both parties seek appellate attorney fees. In a modification action, we may grant the prevailing party's fee request. Iowa Code § 598.36; *In re Marriage of Erlandson*, 973 N.W.2d 601, 609 (Iowa Ct. App. 2022). In exercising our discretion, we consider the parties' abilities to pay, whether the party resisting modification was successful, and whether a party had to defend the court's decision on appeal. *Michael*, 839 N.W.2d at 639. Although William was partially

successful in his appeal of the modified decree, we do not believe an attorney-fee award is warranted.

**AFFIRMED AS MODIFIED.**